238 S.W.3d 705 (2007)
In the Matter of D.A.B.
Konstantin Litvinov, Appellant
v.
Paul G. Beaird, et al., Respondents.
No. 28095.
Missouri Court of Appeals, Southern District, Division One.
October 11, 2007.
Motion for Rehearing or Transfer Denied November 2, 2007.
Application for Transfer Denied December 18, 2007.
James L. Bowles, Ozark, MO, for appellant.
Verna L. Haun, Douglas, Haun & Heidemann, P.C., Bolivar, MO, for respondent Beaird.
Motion for Rehearing or Transfer to Supreme Court Denied November 2, 2007.
JOHN E. PARRISH, Presiding Judge.
Konstantin Litvinov appeals a judgment dismissing his cross-petition for declaration of paternity and the petition of Alesya Litvinov for declaration of paternity.[1] The petition and the counter-petition seek determination pursuant to the Uniform Parentage Act (the UPA), as enacted in Missouri, §§ 210.817-210.852.[2] The judgment is reversed and the case remanded for further proceedings.
Alesya is the mother of D.A.B., the female child who is the subject of this proceeding. D.A.B. was born August 3, 1998. Alesya was married to Paul G. Beaird when D.A.B. was born. The marriage was dissolved February 13, 2004. Alesya filed the action that is the subject of this appeal on January 12, 2004. Alesya brought the action personally and as next friend of D.A.B. The action was brought against Paul Beaird and Konstantin Litvinov. The petition alleged that D.A.B. was conceived as a result of sexual intercourse between Alesya and Konstantin that occurred in the Ukraine prior to Alesya coming to the United States. It alleged that Konstantin resided in the Ukraine; that he had never been in Missouri or the United States; *706 that, therefore, the trial court had no personal jurisdiction over Konstantin.
By a pleading filed December 21, 2005, Paul sought "preliminary evidentiary hearing for the purpose of obtaining a judicial determination as to whether or not [the] paternity action [was] in the best interests of [D.A.G.]." On January 18, 2006, Konstantin filed an entry of appearance. He subsequently filed a cross-petition for declaration of paternity. The cross-petition alleged that Konstantin was a resident of Israel; that he had been a resident of that country for approximately six months; that he was the biological father of D.A.B. Konstantin sought determination that he was the biological father of the child.
On June 22, 2006, the parties appeared with their respective attorneys, including a guardian ad litem that had been appointed for D.A.B. The trial judge noted that Paul's attorney had filed a motion seeking an evidentiary hearing to determine if the best interests of D.A.B. would "prevent the normal progression of making a biological determination of parentage." The judge inquired if that was the parties' understanding. Alesya's attorney advised the court that Alesya had a motion pending that objected to the preliminary hearing the trial court announced, stating, "I just want the record for appeal purposes to be clear that Alesya Beaird is objecting to this test being applied in this case." The trial judge observed that there was an "objection to [the] preliminary evidentiary hearing procedure to deal with the best interest of the minor child." The trial court denied the motion and stated that pending motions in limine by Konstantin directed to the same or similar issue would be denied. The trial judge stated that he proposed "to go ahead with the hearing delving into the best interests."
Evidence was adduced, after which the trial court entered judgment that included the finding:
Respondent, Paul G. Beaird, filed a Motion for Preliminary Evidentiary Hearing for Judicial Determination of Whether Paternity action [sic] is in the Best Interest of [D.A.B.] that was sustained by [the trial] Court over the objections of Petitioner, Alesya S. Litvinov, and Respondent, Konstantin Litvinov.
The trial court further found that "[t]his paternity action is not in the best interest of [D.A.B.]"; that "[t]he Petition of Petitioner, Alesya S. Litvinov, and the Cross-Petition of Respondent, Konstantin Litvinov, should be dismissed." Judgment was entered dismissing the petition and cross-petition, awarding a guardian ad litem fee, and assessing costs against Alesya.
Konstantin presents one point on appeal. He contends the trial court erred in dismissing his paternity action on the basis of the preliminary hearing that was directed to the best interests of the child; that requiring the parties to "submit to a formal, preliminary evidentiary hearing to determine whether it was in the best interest of the child to allow [Konstantin's] paternity action to proceed" was a misapplication of the UPA. Konstantin further argues, alternatively, that should this court find the procedure the trial court used was proper, the decision the trial court reached was in disregard of relevant evidence adduced at trial. It is not necessary to address Konstantin's alternate argument in that the primary issue is determinative of his appeal.
Konstantin's assertion is correct that the UPA does not establish a procedure by which the trial court may conduct a binding, formal preliminary hearing to determine if the best interests of the child would be served by permitting the action to go forward. Section 210.832.1 provides *707 that the court may "[a]s soon as practicable . . . order that an informal hearing be held before a master." The public is barred from any such hearing. Id. A record of the proceeding is to be made if a party requests and the court so orders. Id. "Rules of evidence need not be observed." Id.
Section 210.838 states:
1. If a pretrial hearing is conducted under section 210.832, the master conducting the hearing shall, on the basis of the information at the pretrial hearing, evaluate the probability of determining the existence or nonexistence of the father and child relationship in a trial and whether a judicial declaration of the relationship would be in the best interests of the child. On the basis of the evaluation, an appropriate recommendation for settlement shall be made to the parties, which may include either of the following:
(1) That the action be dismissed with or without prejudice; or
(2) That the alleged father voluntarily acknowledge his paternity of the child.
2. If the parties accept a recommendation made in accordance with subsection 1 of this section, judgment shall be entered accordingly.
3. If a party refuses to accept a recommendation made under subsection 1 of this section, and blood tests have not been taken, the court shall require the parties to submit to blood tests, if practicable. Thereafter, the master shall make an appropriate final recommendation. If a party refuses to accept the final recommendation, the action shall be set for trial.
4. The guardian ad litem may accept or refuse to accept a recommendation under this section.
5. The informal hearing may be terminated and the action set for trial if the master conducting the hearing finds it unlikely that all parties would accept a recommendation he might make under subsection 1 or 3 of this section.
A § 210.832 hearing is akin to mediation. It does not afford a forum for final determination of the rights of any party.
The preliminary hearing conducted in this case was not a hearing conducted pursuant to § 210.832. It was conducted by the trial judge, not by a master. Rules of evidence were in effect. It was a formal court proceeding, but not a trial of the issues asserted in the pending actions. On the basis of the evidence adduced, the trial judge dismissed the pending paternity actions with prejudice, thereby concluding the case without further trial.
The UPA, as adopted in this state, establishes a uniform method for determining paternity that protects all parties in an action brought for that purpose. In re Marriage of Fry, 108 S.W.3d 132, 136 (Mo. App.2003); Piel v. Piel, 918 S.W.2d 373, 375 (Mo.App.1996). The statutes within the UPA outline with particularity the procedure to be followed in a paternity action. Those statutes do not provide for a summary proceeding in the nature of that conducted in this case. "[W]hen statutory language is clear, courts must give effect to the language as written." Emery v. Wal-Mart Stores, Inc., 976 S.W.2d 439, 449 (Mo.banc 1998).[3] The judgment dismissing *708 the petition and cross-petition is reversed. The case is remanded.
BATES and SCOTT, JJ., concur.
NOTES
[1] The first names of the parties are used for clarity of identification.
[2] References to statutes are to RSMo 2000.
[3] Paul's respondent's brief cited paternity cases in other jurisdictions in which procedures were used similar to the one the trial court followed in this case. Paul urged this court to adopt the procedure the trial judge followed, notwithstanding that it is not prescribed by statute. This court respectfully declines to do so.